UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELEN EDWARDS, and GINA EDWARDS,

    Petitioners,

v.

STATE OF MICHIGAN, HONORABLE
JUDGE FARAH OF THE 67th DISTRICT
COURT, FLINT POLICE DEPARTMENT,
GENESEE COUNTY DISTRICT
ATTORNEY'S OFFICE, KAREN HANSON,
MICHAEL ANGUS, LEEANN GASPER, and
MITCH BROWN,

    Respondents.
    _____/

Case No. 09-cv-14643

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING PETITION
FOR A WRIT OF MANDAMUS**

    In this action, pro se Petitioners Helen and Gina Edwards seek a writ of mandamus ordering a judge of the Circuit Court of Genesee County to order the Flint Police Department to release the results of certain DNA testing. Petitioners are the mother and grandmother of two men who were recently convicted of first degree murder, assault with intent to murder, carrying a concealed weapon, and felony firearm by Michigan state court jury. Both men were sentenced to life in prison. Both have appealed their convictions to the Michigan Court of Appeals. Both are represented by counsel on appeal.

    It is unclear from the petition the nature of the relief Petitioners are seeking from this Court. They apparently want the Flint Police Department to release to the public "the results of the Second Part of the **DNA RESULTS,**" based on an alleged promise by one or more of the Respondents to do so. Petition, at 5-6 (emphasis in original). This testing will apparently exonerate Petitioners' relatives. As Respondents point out, however, the DNA

evidence adduced at trial was not favorable to the state's case against Petitioners' relatives. Specifically, Dr. Julie Howenstine of the Michigan State Police Department, Forensic Science Division, testified that based a comparison of the DNA obtained from the fired cartridge casings found at the scene of the crime, a bracelet, a hat, a cell phone, and a cell phone case, along with samples taken from the defendants, all defendants were *excluded* as matches to the cartridge casings.[1] One of the defendants was also excluded as a donor of the DNA found on *all* of the personal items. The other defendant was excluded as a donor of the DNA found on the bracelet and hat, and no conclusive determination could be made as to him with respect to the cell phone and cell phone casing. Nevertheless, the jury found Petitioners' relatives guilty of the crimes charged.

Petitioners submitted a reply brief that sheds more light on what they are complaining about. Apparently, at an open house at the Flint Police Department, the former Chief of Police, Richard Dicks (not named as a respondent in this action) told Petitioners that he would redo the DNA testing in an attempt to exonerate Petitioners's relatives. According to Petitioners, that testing was never done, or if done, the results were never released. Petitioners contend that Respondents failed to retest the DNA in order to cover up a mistake by the Flint Police Department. The Department apparently had the "real" suspect in custody but later released him.

There are a number of procedural infirmities with Petitioners' request, but the Court does not address them here. Many of them are raised in Respondents' brief. In essence, Petitioners are requesting a full investigation by the Flint Police Department into whether there are other suspects for the crimes Petitioners' relatives were charged with and

---

[1] A portion of the trial transcript was provided by the Respondents. The Court takes judicial notice of the transcript.

2

convicted of. Petitioners also request that some of the respondents be criminally prosecuted. Petitioners' request lacks any basis in law. "There is no statutory or common law right, much less a constitutional right, to an investigation." *See Mitchell v. McNeil*, 487 F.3d 374, 378-79 (6th Cir. 2007) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

To the extent Petitioners are claiming that the investigation and prosecution of their relatives violates various provisions of the U.S. Constitution, their claims must be raised in their direct appeal, or possibly on collateral review, but not before this Court at this time. Federal courts generally abstain from interfering with state court criminal prosecutions where the constitutional claims raised in the federal action could be raised in the state action. *See Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006) (discussing *Younger v. Harris*, 401 U.S. 37 (1971)). Additionally, other than the U.S. Supreme Court, federal courts do not serve as tribunals for direct appeals of state court decisions. "The *Rooker-Feldman* doctrine denies federal jurisdiction to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Carter v. Burns*, 524 F.3d 796, 798 (6th Cir. 2008) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).[2]

For these reasons, the Court will deny the petition for a writ of mandamus.

**WHEREFORE** it is hereby **ORDERED** that the petition for a writ of mandamus (docket no. 1) is **DENIED** with prejudice.

---

[2] Furthermore, Petitioners have failed to identify any statute that would permit the Court to order Respondents to retest the DNA and release those results to the public. Federal courts, of course, have the power to issue writs of mandamus, but that authority only permits courts to order officers or employees of the United States or any agency thereof to do things. It does not extend to state officers. *See* 28 U.S.C. § 1361.

**IT IS FURTHER ORDERED THAT** Petitioners' ex parte motion to correct the record (docket no. 17) is **DENIED.**

This case is closed.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 18, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 18, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager
